**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

FILED

APR 19 2016

CLERK, US DISTRICT COURT
NORFOLK, VA

DOUGLAS HORNSBY, Administrator of the
Estate of ALEKSANDR BERELOVICH,
Deceased,

             Plaintiff,

        v.

F&D FURNACES, LLC, FLINN AND
DREFFEIN ENGINEERING COMPANY,
DANIELI CENTRO COMBUSTION SPA,
OLIVOTTO FERRÉ SPA, and FCE, LLC,

           Defendants.

Civil Action No. _4:19cv 26_

Circuit Court for the City of Hampton,
Virginia
Case No. CL15000656-00

## NOTICE OF REMOVAL

    PLEASE TAKE NOTICE that Defendant Primetals Technologies USA LLC, f/k/a F&D

Furnaces, LLC and f/k/a FCE, LLC ("Primetals")[1] and Defendant Flinn and Dreffein

Engineering Company  ("Flinn & Dreffein") respectfully file this Notice of Removal pursuant to

28 U.S.C. §§ 1332, 1441, and 1446, to remove to the United States District Court for the Eastern

District of Virginia an action initiated against them in the Circuit Court for the City of Hampton,

Virginia.  Removal of this action is based on the following:

    1.    On March 25, 2015, Plaintiff Douglas Hornsby, administrator of the estate of

Aleksandr Berelovich, filed a civil action against Defendants in the Circuit Court for the City of

Hampton, Virginia, case number CL15000656-00 (hereinafter "State Court Action").  In

accordance with 28 U.S.C. § 1446(a), a true and correct copy of the state-court file, which

includes the process and pleadings filed in the State Court Action, is attached to this Notice of

---

[1] Paragraph 7 of this Notice of Removal explains how Primetals acquired F&D Furnaces,
LLC and FCE, LLC.

I-1403347.1

Removal as Exhibit A and incorporated herein by reference.

2.      The Amended Complaint in the State Court Action appears to assert wrongful-death claims against all Defendants for negligence and breach of express and implied warranties. (Ex. A, Amend. Compl. ¶¶ 24–28.)

3.      Primetals and Flinn & Dreffein were first served with process and the Amended Complaint in the State Court Action through the United States mail on March 24, 2016.  The copy to Primetals was sent to its Huntingdon, Pennsylvania office.  The copy to Flinn & Dreffein was sent to the offices of Abrams & Chapman LLP in Chicago, Illinois.  This Notice of Removal is timely because it is filed within thirty days of Primetals's and Flinn & Dreffein's receipt of service of process and the Amended Complaint in the State Court Action.  28 U.S.C. § 1446(b).

4.      The Eastern District of Virginia, Newport News Division, is the federal district embracing Hampton, Virginia, where the State Court Action was originally filed.  28 U.S.C. § 127(a).  Thus, venue is proper in this District.  28 U.S.C. § 1441(a).

<u>BASIS FOR REMOVAL – DIVERSITY JURISDICTION</u>

5.      The State Court Action is removable under 28 U.S.C. § 1332(a).  The Court has subject matter jurisdiction over the State Court Action because it is between citizens of different states and the amount in controversy exceeds $75,000.00 and arises under the laws of the United States.  28 U.S.C. §1332(a).

6.      A limited-liability company has the citizenship of each state where its members are citizens. <u>Gen. Tech. Applications, Inc. v. Exro Ltda</u>, 388 F.3d 114, 121 (4th Cir. 2004).  A corporation is a citizen of its state of incorporation and the state where its principal place of business is located.  28 U.S.C. § 1332(c)(1).  For cases removed based on diversity jurisdiction, diversity is measured both when the state-court action is commenced, and when the state-court

2

action is removed. Rowland v. Patterson, 882 F.2d 97, 99 (4th Cir. 1989) (en banc) (explaining

that "diversity must have existed both at the time the action was originally commenced in state

court and at the time of filing the petition for removal" (citing 14A Charles A. Wright et al.,

Federal Practice and Procedure § 3723, at 311–14 (1985))).

     7.     On or about April 24, 2012, FCE, LLC acquired a complete ownership interest in

F&D Furnaces, LLC through a merger.  On or about April 24, 2012, Siemens Industry, Inc.

acquired a complete ownership interest in FCE, LLC through a merger.  Siemens Industry, Inc. is

a Delaware corporation with its principal place of business in Illinois.  In 2014, Siemens

Industry, Inc. transferred the assets and liabilities relating to its metallurgical business, which

includes the assets and liabilities of FCE, LLC, to a limited-liability company called Siemens

VAI Metals Technologies, LLC.  Siemens VAI Metals Technologies, LLC changed its name to

Primetals Technologies USA LLC in January 2015.  For this reason, Primetals is the successor-

by-merger to both F&D Furnaces, LLC and FCE, LLC.

     8.     Primetals Technologies USA LLC is now, and was at the time of the filing of the

Complaint in March of 2015, a limited-liability company.  Its sole member at the time of the

filing of the Complaint was Primetals Technologies U.S.A. Holdings, Inc.  Primetals

Technologies U.S.A. Holdings, Inc. was a corporation organized under the laws of Delaware

with its principal place of business in Pennsylvania.  As of March 31, 2016, and accordingly as

of the filing of this Notice of Removal, Primetals's sole member is Primetals Technologies

Japan, Ltd., a Japanese company.

     9.     Flinn & Dreffein was a corporation organized under the laws of Illinois with its

principal place of business in Illinois.  It was voluntarily dissolved on April 15, 2014.  Under

Illinois law, however, "[d]issolution does not . . . [p]revent suit by or against the corporation in

its corporate name." 805 Ill. Comp. Stat. Ann. § 5 / 12.30(c); see also 805 Ill. Comp. Stat. Ann.
§ 5 / 12.80 (establishing a five-year winding-up period for dissolved corporations).

10.     Upon information and belief, Danieli Centro Combustion SpA is an Italian
corporation with its principal place of business in Milan, Italy.   Upon information and belief,
Danieli Centro Combustion SpA acquired Olivotto Ferré SpA in March 2012.   Upon information
and belief, at the time of its acquisition, Olivotto Ferré SpA was an Italian corporation with its
principal place of business in Turin, Italy.

11.     Collectively, Defendants are now, and/or were at the time of the filing of the
Complaint, citizens of Japan, Delaware, Pennsylvania, Illinois, and Italy.

12.     On information and belief, Plaintiff is now, and was at the time of the filing of the
Complaint, a citizen of Virginia, and Plaintiff's decedent was a citizen of Virginia.

13.     In view of the allegations in Plaintiff's Amended Complaint, Defendants are
informed and believe that the amount in controversy in this case, exclusive of interest and costs,
exceeds $75,000 and thus satisfies the amount in controversy specified in 28 U.S.C. § 1332(a).
Plaintiff's Amended Complaint requests judgment against all Defendants in the amount of
$12,475,832.00.  (Ex. A, Amend. Compl. at 5–6.)

14.     If any question arises regarding the propriety of the removal of this action,
Defendants respectfully request the opportunity to conduct jurisdictional discovery (if
necessary), file a brief, and present oral argument to confirm that this Court has jurisdiction and
that this case has been properly removed.

I-1403347.1

CONSENT

15.    Under 28 U.S.C. § 1446(b)(2)(A), "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

16.    Other than Primetals and Flinn & Dreffein who join in this Notice of Removal, the remaining Defendants named in the Amended Complaint are Danieli Centro Combustion SpA and Olivotto Ferré SpA.  As stated in Paragraph 10 above, on information and belief, Danieli Centro Combustion SpA acquired Olivotto Ferré SpA in March 2012.  Further, on information and belief, Danieli Centro Combustion SpA is an Italian corporation with its principal place of business in Milan, Italy.

17.    According to the documents that have been filed in the State Court Action, the Secretary of the Commonwealth sent the proof of service to Danieli Centro Combustion SpA at an address in Pennsylvania and to Olivotto Ferré SpA at two different addresses in Illinois.

18.    As the Circuit Court of Virginia has held, "service under the Virginia long-arm statute does require transmittal of documents to be served abroad, and thus the Hague Service Convention applies."  Int'l Space Brokers, Inc. v. Reider, No. 182051, 52 Va. Cir. 100, 2000 WL 1052808, at *2 (Va. Cir. Ct. Mar. 15, 2000).

19.    Provided that Italy has not objected, Article 10(a) of the Hague Convention provides "the freedom to send judicial documents, by postal channels, directly to persons abroad."[2]  In a case involving a Japanese corporation, this Court held that service on the Japanese corporation "was effective by the direct mail procedure pursuant to Virginia Code Section 8.01-

---

[2] Hague Conference on Private International Law, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (hereinafter Hague Convention), available at https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last visited April 14, 2016).

329." Weight v. Kawasaki Heavy Indus., Ltd., 597 F. Supp. 1082, 1085–86 (E.D. Va. 1984). However, for this service to be effective, the Hague Convention specifically requires that the documents be sent "directly to persons abroad." See Hague Convention, supra n.2.

20.     Italy has not objected to Article 10(a) of the Hague Convention.[3]

21.     Upon information and belief, the proofs of service have not been sent to Danieli Centro Combustion SpA in Italy or to Olivotto Ferré SpA in Italy, to the extent that corporation survives.

22.     Accordingly, Danieli Centro Combustion SpA and Olivotto Ferré SpA have not been properly served in this matter and their consent to removal is not required. See 28 U.S.C. § 1446(b)(2)(A).

23.     As further support that Danieli Centro Combustion SpA and Olivotto Ferré SpA have not been properly served, the deadline for responding to the Amended Complaint in the State Court Action was Thursday, April 14. Neither Danieli Centro Combustion SpA nor Olivotto Ferré SpA filed any sort of response on that date and as of the filing of this Notice of Removal, have still not filed a response.

NOTICE

24.     In accordance with 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being given to all other parties, and a true and correct copy of the Notice of Removal is being filed with the Circuit Court for the City of Hampton, Virginia.

WHEREFORE, Primetals Technologies USA LLC, f/k/a F&D Furnaces, LLC and f/k/a FCE, LLC, and Flinn and Dreffein Engineering Company respectfully pray that the State Court

---

[3] Hague Conference on Private International Law, Italy - Central Authority & practical information (July 18, 2014) (summarizing Italy's positions with respect to, among other things, Article 10(a) of the Hague Convention), available at https://www.hcch.net/en/states/authorities/details3/?aid=245

6

Action be removed from the Circuit Court for the City of Hampton, Virginia, to the United States District Court for the Eastern District of Virginia, in accordance with 28 U.S.C. § 1441, and for such further legal, equitable, or other relief that the Court deems just and proper.

This the 19th day of April, 2016.

Respectfully submitted,

**PRIMETALS TECHNOLOGIES USA LLC**

By: _____
Of Counsel

Kevin L. Keller (VSB No. 30731)
Joseph P. Moriarty (VSB No. 68465)
WILLCOX & SAVAGE, P.C.
Wells Fargo Center
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510-2243
Telephone: (757) 628-5500
Facsimile:  (757) 628-5566
kkeller@wilsav.com
jmoriarty@wilsav.com
*Counsel for Defendant Primetals Technologies USA LLC*

**FLINN AND DREFFEIN ENGINEERING COMPANY**

By: _____
    Of Counsel

Francis H. Casola (VSB No. 29108)
WOODS ROGERS PLC
10 S. Jefferson Street, Suite 1400
P.O. Box 14125
Roanoke, Virginia  24038-4125
Telephone: (540) 983-7716
Facsimile:  (540) 983-7711
casola@woodsrogers.com
*Counsel for Defendant Flinn and Dreffein Engineering Company*

I-1403347.1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via Facsimile and U.S. Mail, postage pre-

paid, this 19th day of April, 2016 to:

Robert J. Haddad
Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.
317 30th Street
Virginia Beach, VA  23451

John Ware Bane
The Law Office of John Ward Bane
135 King's Way
Hampton, VA  23669

*Attorneys for Plaintiff*

_____
Joseph P. Moriarty